UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JACK ABERMAN**

              **Plaintiff,**

v.                                                          Case No: 6:25-cv-1416-WWB-DCI

**VOLUSIA COUNTY, FLORIDA, WELLS FARGO BANK, N.A., CITIBANK, N.A., US BANK NATIONAL ASSOCIATION, HSBC BANK USA NATIONAL ASSOCIATION, BANK OF NEW YORK MELLON TRUST COMPANY, DEUTSCHE BANK NATION TRUST COMPANY, PNC BANK NATIONAL ASSOCIATION, NEWREZ, LLC, SPECIALIZED LOAN SERVICING (SLS), PHH MORTGAGE CORPORATION, PLANET HOME LENDING LLC, MR. COOPER (NATIONSTAR MORTGAGE LLC), AMERICAN SECURITY INSURANCE COMPANY, LLOYD'S OF LONDON, ASSURANT/UNIVERSAL PROPERTY & CASUALTY, VAN NESS LAW FIRM PLC, RONALD R. WOLFE & ASSOCIATES, P.A., DIAZ ANSELMO & ASSOCIATES, P.A., BROCK & SCOTT, PLLC, JOHN DOES 1-50,**

              **Defendants.**

_____

## ORDER

On July 28, 2025, Plaintiff Jack Aberman filed a complaint against Defendants. Doc. 1 (the Complaint). Aberman concurrently filed a motion to proceed *in forma pauperis* which includes a "financial affidavit" not on a form recognized by the Court. Doc. 2. The undersigned recently recommended that the motion to proceed in forma pauperis be denied without prejudice and the Complaint be dismissed without prejudice as an impermissible shotgun pleading. Doc. 22.

Given that recommendation, the Court will now address several pending motions by Aberman:

- Motion for Appointment of Pro Bono Counsel (Doc. 3);

- Motion for Leave to File Documents Under Seal (Doc. 5);

- Motion for Case Management Conference (Doc. 6);

- Motion for Basic Electronic Filing Accommodations for Complex Case (Doc. 7);

- Motion for Discovery and Case Management Conference (Doc. 15);

- Motion to File Evidence Under Seal and For Protective Order (Doc. 16);

- Supporting Document for Motion for Appointment of Pro Bono Counsel (Doc. 17);

- Motion to Void Foreclosure Sales and Fraudulent Settlement and for FBI Investigation of Systematic Bankruptcy Fraud (Doc. 18);

- Motion for Referral to United States Attorney for Criminal Investigation (Doc. 20); and

- Emergency Motion for Permission to File Electronically Pending Pro Bono Counsel (Doc. 21).

**1. Motion for Appointment of Counsel and Supplement (Docs. 3, 17)**

Aberman has not demonstrated that an appointment of counsel is justified. In federal court, individuals may represent themselves or be represented through counsel permitted to practice before the court according to that court's rules. 28 U.S.C. § 1654. There is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). There is no rigid test to determine whether exceptional circumstances exist to warrant the appointment of counsel. Instead, courts in this Circuit consider: 1) the type and complexity of the case; 2) whether the litigant is capable of adequately presenting the case; 3) whether the litigant is in a position to adequately

investigate the case; 4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and 5) whether the appointment of counsel would be of service to plaintiff, the court, and possibly the defendant by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *See Smith v. Fla. Dept. of Corr.*, 713 F.3d 1059, 1065 n.11 (11th Cir. 2013) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)).

Here, Aberman has not established that exceptional circumstances warrant the appointment of counsel. In both the motion (Doc. 3) and the supplement (Doc. 17), Aberman includes lengthy, tiered, bullet-pointed lists of factors that he deems warrant the appointment of counsel, including "individual federal corruption case," "time-sensitive personal emergency," "multi-jurisdictional complexity," and "individual evidentiary complexity." Doc. 3 at 1-2. He also lists several statutes related to fee-shifting and asserts that, "Once counsel is appointed, they can address proper representation of corporate interests and potential addition of the corporation as a party plaintiff." *Id*. at 2. Further, in the supplement, Aberman refers to proceedings in bankruptcy court and his attempts to retain counsel. Doc. 17. But a plaintiff's inability to retain counsel willing to litigate the case does not, on its own, warrant the appointment of counsel. *See Smith v. Acting Sec'y, United States Dep't of Homeland Sec.*, 2019 WL 13274242, at *2 (M.D. Fla. Feb. 4, 2019) ("The facts that Plaintiff is not an attorney and that Plaintiff cannot afford an attorney are not, in and of themselves, exceptional circumstances warranting the appointment of counsel."). And despite Aberman's assertions concerning the broad and complex nature of this case (Doc. 3 at 2), the Complaint filed by Aberman makes it impossible for the Court make a judgment regarding the complexity of the case. *See generally*, Doc. 1. A report and recommendation finding that Aberman's Complaint is an impermissible shotgun pleading is filed and pending. Doc. 22. Until

Aberman files a proper complaint, the Court cannot assess the complexity of this case. Further, thus far, Aberman has established that he can appropriately file documents and advocate for himself in this case.

For these reasons, the Court finds that Aberman has failed to provide adequate justification for the appointment of counsel.

**2. Motions for Leave to File Documents Under Seal (Docs. 5, 16)**

Aberman filed two motions seeking to file documents under seal. Docs. 5, 16. In both motions, he seeks to file under seal documents related to, among other things, his personal financial accounts, addresses and contact information, family member information, his social security number, his personal medical information, 139 foreclosure case files spanning 17 years, FBI referral materials and correspondence. Docs. 5 at 1-2; 16 at 1-2. Indeed, Aberman asserts that he seeks to file over 10,000 pages of documents under seal. Doc. 16 at 2.

Though Aberman cites to the correct Local Rule, he does not sufficiently address Local Rule 1.11(b)(3)(A)'s requirement that a movant "must establish that filing the item is necessary." Docs. 6 at 1; 16 at 2. The movant must address that filing the item is necessary in the first instance, not simply that the item must be sealed if filed. Even if some or all the items would be subject to sealing if filed, Aberman has not established that the items must be filed at this early stage of this litigation. There is no basis, at this stage of the litigation, for Aberman to file thousands of pages of documentary evidence on the docket of this case, sealed or not.

Even if Aberman had established that filing even some of the materials is necessary, Aberman has not established that sealing is necessary. *See* Local Rule 1.11(b)(3)(B). Before granting a motion to seal, the Court must evaluate whether good cause for the seal exists. But Aberman has not clearly articulated the harm that public disclosure of the Documents would cause.

*Loc. Access, LLC v. Peerless Network, Inc.*, 2017 WL 2021761, at *3 (M.D. Fla. May 12, 2017) ("Good cause is established by showing that disclosure will cause 'a clearly defined and serious injury.'") (citations omitted). And conclusory assertions that entire items are confidential are insufficient to show good cause. *Aldora Aluminum & Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc.*, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) ("Defendant's blanket assertion that the filings contain confidential business and/or financial information does not show good cause for sealing the filings.").

As such, the motions to seal are due to be denied.

### 3. Motions for Discovery and Case Management Conferences (Docs. 6, 15)

Aberman has requested "early" case management, including coordination with state court and bankruptcy court proceedings, early "immediate" discovery, early scheduling of motions, and a timeline for a transition to appointed counsel. Docs. 6 at 2; 15. In one the motions, Aberman has also purported to propound discovery and request depositions. Doc. 15 at 4-6. The motions are entirely premature. The Court has not permitted Aberman to proceed in *forma pauperis*; the undersigned has recently recommended dismissal of the complaint with leave to replead (Doc. 22); no summons have been issued on the Complaint; and, as such, there is no evidence that any Defendant has been served or appeared. Accordingly, there is no basis to hold a case management conference or a discovery conference. *See* Local Rule 3.02(b)(1) (civil case management commences with the parties' filing of a case management report "within forty days after any defendant appears in an action originating in this court"). Unless otherwise ordered, this case will proceed pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's orders.

### 4. Motions for Electronic Filing (Docs. 7, 21)

Aberman has filed two motions for electronic filings privileges, one identified as an emergency motion. Doc. 21 at 1. In the motions, Aberman identifies via several tiered, bullet-pointed lists his bases for electronic filing, including "massive printing costs," "overnight shipping requirements," and "ongoing financial hardship." *See generally*, Docs 7, 21.

The motions are due to be denied. Effective August 1, 2025, litigants without lawyers in the Middle District of Florida are not permitted to submit filings through the Court's web portal and must submit filings in person, by U.S. Mail, or by other delivery service. www.flmd.uscourts.gov/litigants-without-lawyers.[1] As such, Aberman is not entitled to relief.

With respect to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (August 1, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Aberman has not shown any extenuating circumstances or good cause to authorize his access to CM/ECF. In general, Aberman has filed several documents without

---

[1] "Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended." *Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025).

CM/ECF access. Accordingly, the Court is not persuaded that CM/ECF access is necessary for Aberman to litigate this matter. Also, the Court is not convinced that Aberman's representations concerning his intended, voluminous filings demonstrate that the filing of future documents in person, by U.S. Mail, or other delivery service will be unduly burdensome and prejudicial. Though Plaintiniff has filed documents related to a temporary restraining order and requested emergency relief, he has made no showing that his time-sensitive requests warrant time-sensitive relief. Nor has he shown that the Court would accept—or otherwise consider in relation to any matter pending before the Court—the voluminous evidence he seeks to file. Overall, the Court finds that Aberman has not met his burden and, therefore, relief is not warranted.

Finally, the latter motion (Doc. 21) is not an "emergency" pursuant to Local Rule 3.01(e). The proffered preliminary statement concerning the need to file "massive documentation" to allow the court to "intervene" in "ongoing violations" and "systematic bankruptcy fraud across 31+ foreclosure cases" is an insufficient basis to warrant emergency relief. Doc. 21. Aberman is reminded that "[t]he unwarranted designation of a motion as an emergency can result in a sanction" under Local Rule 3.01(e). Aberman is further cautioned that, "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." Doc. 13.

**5. Motion to Void Bankruptcy Sale and for FBI Investigation (Doc. 18)**

Aberman filed a motion to void the foreclosure sale of two properties in Daytona Beach, Florida, along with a request for the FBI to investigate "systematic bankruptcy fraud." Doc. 18. The motion appears as a tiered, bullet-pointed list of factual allegations and citations to bankruptcy case filings and statutes. *Id*. The motion is due to be denied as it fails to comply with Local Rule 3.01(a)'s requirement that a motion contain "a concise statement of the precise relief requested, a

statement of the basis for the request, and a legal memorandum supporting the request." Further, because the Complaint is an impermissible shotgun pleading, the Court cannot determine whether the actions complained of in the motion fall within the bounds of this case.

    **6. Motion for Referral to U.S. Attorney for Criminal Investigation (Doc. 20)**

Aberman filed a motion requesting a referral of various matters for a criminal investigation by the United States Attorney. Doc. 20. This motion is brought by Aberman "individually and as President of GEA Seaside Investment, Inc." and appears to relate to state or bankruptcy court proceedings concerning real estate foreclosures. *Id.* While the Court does have the authority to refer matters to the United States Attorney for investigation, Aberman has failed to sufficiently state cause for the Court to exercise its discretion to do so. The motion is due to be denied as it fails to comply with Local Rule 3.01(a)'s requirement that a motion contain "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Further, because the Complaint is an impermissible shotgun pleading, the Court cannot determine whether the actions complained of in the motion fall within the bounds of this case.

    **Conclusion**

Accordingly, for the reasons stated herein, it is **ORDERED** that the motions (Docs. 3, 5, 6, 7, 15, 16, 18, 20, 21) are **DENIED without prejudice**. Aberman is cautioned that any motion filed with the Court must comply with dictates of the rules governing the Court, including Federal Rule of Civil Procedure 11, and Local Rules 1.08 and 3.01.

    **ORDERED** in Orlando, Florida on September 9, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Parties